UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| HERBILICIOUS MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., ROC NATION LLC d/b/a ROC NATION MUSIC, BMG RIGHTS MANAGEMENT (US) BMG GOLD SONGS and TONY FADD BEATS,<br><br>Plaintiffs,<br><br>v.<br><br>SCREENBUZZ ENTERTAINMENT LLC and ARIF AMAANI,<br><br>Defendants. | Case No. 2:24-cv-1677<br><br>COMPLAINT |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.  SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

COMPLAINT (CASE NO. _____) -1-

## **THE PARTIES**

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Screenbuzz Entertainment, LLC ("SBE") is limited liability company organized under the laws of the State of Washington with a principal office address of 2330 1st Avenue, Seattle, Washington 98121.

6. At all times hereinafter mentioned, SBE did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Ora Nightclub, located at 2330 1st Avenue, Seattle, Washington 98121.

7. Musical compositions were and are publicly performed at Ora Nightclub.

8. On information and belief, defendant Arif Amaani ("Amaani" and, together with SBE, the "Defendants") is an individual who works and/or resides in this district.

9. On information and belief, at all times hereinafter mentioned, defendant Amaani was, and still is, an owner, officer, director, and/or manager of SBE.

10. On information and belief, at all times hereinafter mentioned, Amaani was, and still is, responsible for the control, management, operation and maintenance of the affairs of SBE.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Ora Nightclub, including the right and ability to supervise and control the public performance of musical compositions at Ora Nightclub.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Ora Nightclub.

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

COMPLAINT (CASE NO. _____) -2-

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax 206.359.9000

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 980,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for Ora Nightclub. ASCAP has contacted and/or attempted to contact Defendants by phone, by mail, and by e-mail.

16. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Ora Nightclub constitute copyright infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for Ora Nightclub.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of ASCAP's members' copyrighted music at Ora Nightclub, including the copyrighted works involved in this action, without permission, during the hours that Ora Nightclub is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. Each composition listed in Column 3 was published on the dates stated in Column 5, and since their respective dates of publication have been printed and published in strict conformity with Title 17 of the United States Code.

COMPLAINT (CASE NO. _____) -3-

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax 206.359.9000

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Ora Nightclub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Ora Nightclub of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at Ora Nightclub include the performances of the three copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

COMPLAINT (CASE NO. _____) -4-

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax 206.359.9000

1     WHEREFORE, Plaintiffs pray:

2     I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Ora Nightclub, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

    II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

    III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    IV. For such other and further relief as may be just and equitable.

Dated: October 15, 2024

By:   *s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com

  *s/ Meeghan Dooley*
Meeghan Dooley, WSBA No. 61735
MDooley@perkinscoie.com

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-30099
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Plaintiffs*

COMPLAINT (CASE NO. _____) -5-