UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERBILICIOUS MUSIC, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> SCREENBUZZ ENTERTAINMENT LLC, et al., <br><br> Defendant(s). | CASE NO. C24-1677-KKE <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

Plaintiffs own copyrights in multiple musical compositions that have been publicly performed without permission at Seattle's Ora Nightclub, which is owned and operated by Defendant Screenbuzz Entertainment LLC ("Screenbuzz"). Defendant Arif Amaani is an owner, officer, director, and/or manage of Screenbuzz. Plaintiffs filed this action in October 2024, bringing three claims of copyright infringement. Dkt. No. 1. Defendants have not appeared or otherwise defended this action, and the Court entered an order of default against them. Dkt. No. 11.

Plaintiffs now request entry of default judgment. Dkt. No. 13. Plaintiffs have shown that they are entitled to default judgment on their claims against Defendants, and the Court will grant Plaintiffs' request and award the damages and injunctive relief they seek.

**I.    BACKGROUND**

Plaintiffs are members of the American Society of Composers, Authors and Publishers

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 1

("ASCAP"), who own valid copyrights in the songs involved in this lawsuit. *See* Dkt. No. 14 ¶¶ 3–6. Dozens of times since 2017, ASCAP has contacted Defendants to offer them an ASCAP license agreement for Ora Nightclub, and to notify them that any unauthorized public performance of ASCAP's members' music at Ora Nightclub would constitute copyright infringement. *Id.* ¶ 10. Defendants did not obtain an ASCAP license for Ora Nightclub, and ASCAP hired independent investigator Jeff Clark to visit the venue to confirm that it continued to perform copyrighted songs from the ASCAP repertory. *Id.* ¶ 13.

Clark visited the Ora Nightclub on May 24, 2024, and wrote a report listing all of the songs performed that night that he could readily identify, including three of Plaintiffs' songs. Dkt. No. 14 ¶¶ 14–15. These songs are 100% owned or controlled by ASCAP's members, and therefore the only way that Defendants could have obtained permission to publicly perform those songs is via a direct license from the copyright owners or via an ASCAP license. *Id.* ¶ 16. Defendants did not avail themselves of either option either before Clark heard them performed, or since that time. *Id.* ¶¶ 17–18. Accordingly, Clark witnessed unauthorized performances of Plaintiffs' songs. *Id.*

In this action, Plaintiffs seek (1) a permanent injunction prohibiting further unauthorized public performances of copyrighted works in ASCAP's repertory, (2) statutory damages, (3) reasonable attorney's fees and costs, and (iv) interest as permitted under 28 U.S.C. § 1961. Dkt. No. 1. After Defendants were served the complaint and failed to respond by the deadline, the Court entered default against Defendants on January 24, 2025. Dkt. Nos. 7–11. Plaintiffs subsequently filed a motion for default judgment. Dkt. No. 13. For the following reasons, the Court will grant Plaintiffs' motion.

II.     ANALYSIS

A.     **The Court Has Jurisdiction over the Subject Matter and the Parties.**

Before entering default judgment, the Court must confirm that it has both subject matter

and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

    *1.    The Court Has Subject Matter Jurisdiction over Plaintiffs' Claims.*

The Court has federal question jurisdiction over Plaintiffs' claims for copyright infringement. *See* Dkt. No. 1 ¶¶ 1–2.

    *2.    The Court Has Personal Jurisdiction over Defendants.*

The Court also has personal jurisdiction over Defendants because, as alleged in the complaint, Amaani works and/or lives in this judicial district, and Screenbuzz's principal office is located in this district. *See* Dkt. No. 1 ¶¶ 5, 8. Defendants were also served in this district. Dkt. Nos. 7–8. The Court is satisfied that it has personal jurisdiction over Defendants.

**B.    Legal Standards on a Motion for Default Judgment**

The Court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court "ordinarily disfavor[s]" default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In considering a motion for default judgment, the Court accepts "the well-pleaded factual allegations" as true, but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (cleaned up).

When considering whether to exercise its discretion to enter a default judgment, the Court may consider the following *Eitel* factors:

    (1) the possibility of prejudice to the plaintiff,
    (2) the merits of plaintiff's substantive claim,
    (3) the sufficiency of the complaint,
    (4) the sum of money at stake in the action;
    (5) the possibility of a dispute concerning material facts;

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 3

(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

The Western District of Washington also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Civil Rules W.D. Wash. LCR 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**C.     Plaintiffs are Entitled to Default Judgment Against Defendants.**

The Court applies the *Eitel* factors to this case and finds that, on balance, they favor a default judgment for Plaintiffs' claims.

*1.     Possibility of Prejudice to Plaintiffs*

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to Plaintiffs. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (cleaned up).

In this case, Defendants have failed to respond to or otherwise defend against Plaintiffs' complaint. Without a default judgment, Plaintiffs would have no recourse. Therefore, the Court finds the first *Eitel* factor favors a default judgment.

*2.     Sufficiency and Merits of Plaintiffs' Complaint*

The Court analyzes the second and third *Eitel* factors—the merits of Plaintiffs' substantive claim and the sufficiency of the complaint—together. *See, e.g.*, *Curtis*, 33 F. Supp. 3d at 1211. For the following reasons, the Court finds that Plaintiffs have alleged facts in their complaint showing that Defendants are liable on the claims asserted.

As noted above, Plaintiffs' complaint brings claims for copyright infringement (Dkt. No. 1 ¶¶ 3, 13–27), which has two elements: (1) plaintiff's ownership of a valid copyright in the allegedly infringed work, and (2) defendant's copying of protected aspects of the work. *See Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). "'The word "copying" is shorthand for the infringing of any of the copyright owner's [six] exclusive rights,' one of which is the right 'to perform the copyrighted work publicly.'" *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153–54 (9th Cir. 2012) (quoting *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir. 1989)). For purposes of the Copyright Act, "[t]o 'perform' a work means to recite, render, play, dance, or act it, either directly or by means of any device or process[.]" 17 U.S.C. § 101.

Accepting Plaintiffs' allegations as true, the Court finds that Plaintiffs have sufficiently stated claims for copyright infringement against Defendants. Plaintiffs own copyrights in songs that were publicly performed at Ora Nightclub without authorization. Although disc jockeys select the songs to play at Ora Nightclub, Plaintiffs allege that Defendants are vicariously liable for those acts of infringement because Defendants supervise the disc jockeys' public performance of music at Ora Nightclub and derive a direct financial benefit from the infringement. *See Range Road Music*, 668 F.3d at 1155; Dkt. No. 1 ¶¶ 11–12. Therefore, the Court finds the second and third *Eitel* factors favor entry of default judgment.

### 3. The Sum of Money at Stake

For the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The Court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant. *See Curtis*, 33 F. Supp. 3d at 1212.

In this case, Plaintiffs seek an award of $33,000.00 in statutory damages, plus $6,938.00 in attorney's fees and costs. *See* Dkt. No. 13 at 6–7. The amounts Plaintiffs seek to recover are reasonable and consistent with the parameters of the Copyright Act, 17 U.S.C. § 504(c)(1). The Court finds that this factor therefore favors entry of a default judgment.

4.     *Possibility of Dispute over Material Facts*

For the fifth *Eitel* factor, the Court considers the possibility of dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Upon default, a plaintiff's factual allegations in the complaint will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Because Defendants failed to appear or otherwise respond, they have failed to rebut Plaintiffs' allegations or evidence provided to support their claims. Therefore, given that no dispute of material facts is apparent, the Court finds that the fifth *Eitel* factor favors entry of a default judgment.

5.     *Possibility of Excusable Neglect*

For the sixth *Eitel* factor, the Court assesses whether the defendant's default was due to excusable neglect. Here, Plaintiffs have submitted evidence that Defendants were served in person, and yet Defendants made no apparent effort to respond by the deadline. Dkt. Nos. 7, 8, 11. The Court finds that the sixth *Eitel* factor favors entry of a default judgment. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).

6.     *Policy in Favor of Decision on the Merits*

For the seventh *Eitel* factor, the Court addresses the strong policy preference in favor of resolution of Plaintiffs' claims on the merits. *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a defendant's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

Thus, although the Court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here. Accordingly, the Court finds that Plaintiffs' motion for default judgment should be granted.

**D.    Plaintiffs Are Entitled to Statutory Damages, Attorney's Fees, and Costs.**

Having found that Plaintiffs are entitled to entry of default judgment, the Court now turns to consider the relief requested by Plaintiffs.

*1.    Statutory Damages*

The Copyright Act authorizes an award of statutory damages "in a sum of not less than $750 or more than $30,000" per work infringed, in lieu of actual damages and the defendant's profits. 17 U.S.C. § 504(c)(1).

Plaintiffs allege in their complaint that despite ASCAP providing notice to Defendants of their copyright infringement on multiple occasions over several years, Defendants refused to obtain a license to perform Plaintiffs' songs and yet continued to perform copyrighted works. Dkt. No. 1 ¶¶ 15–18. Had Ora Nightclub obtained an ASCAP license, it would have owed ASCAP approximately $10,500.00 in licensing fees since January 1, 2022. *See* Dkt. No. 14 ¶¶ 27–31. The statutory damages requested by Plaintiffs represents approximately three times the amount ASCAP would have received in licensing fees, and the Court finds that $33,000.00 is a fair and just award of statutory damages. *See WB Music Corp. v. Limericks Tavern, Inc.*, No. 2:20-cv-02086-ODW (MAAx), 2021 WL 40255, at *6 (C.D. Cal. Jan. 5, 2021) (finding that courts "consistently" find that three times the amount of avoided licensing fees is an appropriate amount to award in statutory damages).

*2.    Attorney's Fees and Costs*

The Copyright Act authorizes a court, in its discretion, to grant a prevailing party an award of attorney's fees and costs. 17 U.S.C. § 505. In exercising this discretion, a court may consider

a number of factors, including "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

Here, Plaintiffs contend that "considerations of compensation and deterrence support an award of fees and costs, particularly given Defendants' repeated refusals to obtain an ASCAP license." Dkt. No. 13 at 7. The Court agrees that an award of fees and costs is appropriate here, and finds that the amounts requested by Plaintiffs are reasonable. The timesheets submitted by Plaintiffs' counsel reflect necessary hours expended at rates commensurate with counsel's experience, totaling $6,296.00. *See* Dkt. Nos. 16, 16-1, 16-2. In addition, the costs award requested ($642.00) reflects expenses necessary to this litigation. *Id*.

Therefore, the Court grants Plaintiffs' request for statutory damages, attorney's fees, and costs.

E.    **Plaintiffs Are Entitled to Injunctive Relief.**

Plaintiffs request an injunction

> restraining Defendants and their respective agents, servants, employees, attorneys, and those persons or entities in active participation and concert with them, from publicly performing, or causing or permitting to be publicly performed, in their business establishment known as Ora Nightclub, located at 2330 1st Avenue, Seattle, Washington 98121, or in any other place owned, controlled, managed, and/or operated by Defendants, any copyrighted musical composition owned by Plaintiffs or any copyrighted musical composition in the repertory of Plaintiffs' performing rights licensing organization, [ASCAP], without first obtaining proper authorization to do so.

Dkt. No. 13-1 at 1–2.

"Any court … may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C § 502(a). To obtain such relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law … are inadequate to compensate for that injury; (3) that, considering the

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 8

balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiffs argue that they have satisfied all four factors, and the Court agrees. First, Plaintiffs have suffered irreparable harm in the form of copyright infringement, and this harm is ongoing because Defendants have continued to infringe despite repeated requests to stop. Second, monetary damages are inadequate to compensate Plaintiffs because Plaintiffs would need to continually sue Defendants to recover for the ongoing infringement, and would thereby "expend an undue amount of resources in order to enforce their rights." *WB Music*, 2021 WL 40255, at *5 (quoting *Broadcast Music, Inc. v. Ponderosa Chophouse Enters., Inc.*, No SACV 13-00229-CJC(RNBx), 2013 WL 12113406, at *4 (C.D. Cal. June 20, 2013)). Third, requiring Defendants to cease infringement is not a legitimate hardship. Last, "the public interest is best served through protecting the rights of songwriters and composers who create music for the benefit of the public." Dkt. No. 13 at 6.

Accordingly, the Court will enjoin Defendants from publicly performing any song in the ASCAP repertory without authorization, given that Plaintiffs here represent the interests of all ASCAP members. *See, e.g.*, *WB Music*, 2021 WL 40255, at *5 (finding it "appropriate to issue injunctive relief broadly covering all musical compositions in ASCAP's repertory"); *Bertram Music Co. v. Yeager Holdings of Cal., Inc.*, No. S-07-1766 LEW GGH, 2008 WL 2055480, at *2 (E.D. Cal. May 6, 2008) (same).

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for default judgment. Dkt. No. 13.

Dated this 23rd day of May, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge